IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00228-MR
[CRIMINAL CASE NO. 1:06-cr-00004-MR-1]

| | |
|---|---|
| REYMUNDO MONGE RODRIGUEZ,   )<br>                                                                   )<br>                       Petitioner,              )<br>                                                                   )<br>           vs.                                                )<br>                                                                   )<br>UNITED STATES OF AMERICA,         )<br>                                                                   )<br>                       Respondent.            )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Retroactive Motion under 2255 for Johnson v United States" [Doc. 1], which the Court construes as a motion to vacate under 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion is denied and dismissed.

## PROCEDURAL HISTORY

On March 9, 2006, *pro se* Petitioner Reymundo Monge Rodriguez was found guilty after a jury trial of (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); (2) possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); (3) possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Three); and

(4) carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). [Crim. Case No. 1:06-cr-00004-MR-1 ("CR"), Doc. 23: Jury Verdict].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 38, and a criminal history category of I, yielding an advisory sentencing guidelines range of 235 to 293 months of imprisonment. [CR Doc. 42 at ¶ 49: PSR]. The PSR also noted that the statutory term of imprisonment for the 21 U.S.C. § 841(b)(1)(A) violation (Count One) was not less than 10 years of imprisonment and not more than life; the statutory term of imprisonment for the 21 U.S.C. § 841(b)(1)(B) violation (Count Two) was not less than five years and not more than 40 years; the statutory term of imprisonment for the 18 U.S.C. § 922(b)(5) violation (Count Three) was not more than ten years; and the statutory term of imprisonment for the 18 U.S.C. § 924(c)(1) violation (Count Four) was not less than five years and not more than life. [Id. at ¶ 48].

On November 2, 2006, this Court sentenced Petitioner to 235 months' imprisonment on Counts One and Two, to 120 months' imprisonment on Count Three to be served concurrently, and to 60 months' imprisonment on Count Four, to be served consecutive to Counts One, Two, and Three, for a

total term of 295 months' imprisonment. [CR Doc. 27: Judgment]. Judgment was entered on November 13, 2006. [Id.]. Petitioner did not appeal.

On October 31, 2007, Petitioner filed a motion to vacate, contending as his sole ground for relief that his counsel had not filed an appeal on Petitioner's behalf, despite Petitioner's instruction to counsel to do so. This Court granted the motion to vacate, entering an amended judgment on December 3, 2007. [CR Docs. 31, 33]. Petitioner then appealed from his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on December 9, 2008. [CR Doc. 43]. On December 23, 2015, this Court reduced Petitioner's sentence to 248 months pursuant to U.S.S.G. Amendment 782. [CR Doc. 59].

Petitioner dated the instant motion to vacate June 22, 2016, and it was stamp-filed in this Court on June 28, 2016.[1] [Doc. 1]. In his motion, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that his sentence was enhanced by a "924(c) charge that has . . . retroactively been found unconstitutional by the Supreme Court in Johnson v. United States." [Doc. 1 at 1].

---

[1] Petitioner did not file the motion to vacate, which he has titled as a "Retroactive Motion under 2255 for Johnson v. United States," on a form used for Section 2255 petitions, nor has he signed the petition under penalty of perjury. In any event, because Petitioner is clearly not entitled to relief under Johnson, it would be futile for the Court to order Petitioner to resubmit the motion signed under penalty of perjury.

3

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Here, Petitioner's sole claim is for relief under the Supreme Court's decision in Johnson. In Johnson, the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), which defined that term in pertinent part to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558.

Here, Petitioner was convicted of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(2) defines a "drug trafficking crime" as "any

felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Section 924(c)(2)'s unambiguous definition of "drug trafficking crime" is nothing like the residual clause that the Supreme Court found to be impermissibly vague in Johnson. Therefore, Johnson has no effect on convictions under Section 924(c) based on drug trafficking crimes. Accord Eldridge v. United States, 16-CV-3173, 2016 WL 4062858, at *2-3 (C.D. Ill. July 29, 2016); United States v. Parnell, No. 14-4100, 2016 WL 3230697, at *4 (3d Cir. June 13, 2016); United States v. Gibson, No. 3:07-1057-CMC, 2016 WL 3552008, at *2 (D.S.C. June 30, 2016); Polanco v. United States, No. 1:16-cv-20576-UU, 2016 WL 1357535, at *2 (S.D. Fla. Apr. 6, 2016)).

## CONCLUSION

The Supreme Court's ruling in Johnson is wholly inapplicable to Petitioner's conviction and sentence for carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Thus, Petitioner's motion is denied and dismissed.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy §

2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's "Retroactive Motion under 2255 for Johnson v United States" [Doc. 1], which the Court construes as a motion to vacate under 28 U.S.C. § 2255, is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: September 26, 2016

Martin Reidinger
United States District Judge